UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

HARDILL BOWIE,

        Petitioner,

v.                                                   Case No. 06-CV-640

MICHAEL THURMER,

        Respondent.
_____

## ORDER

On March 23, 2007, the court dismissed the petition for a writ of habeas corpus and the petitioner filed a notice of appeal on April 30, 2007. The petitioner filed on February 4, 2008, a motion pursuant to Fed. R. App. P. 10(e) to supplement and correct the record on appeal. This court retains jurisdiction over a motion to supplement the appeal record because it is ancillary to the issues on appeal. *See* Fed. R. App. P. 10(e); Cir. R. 10(b).

Pursuant to Federal Rule of Appellate Procedure 10(e), "[i]f anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded" by stipulation of the parties, by the district court, or by the court of appeals. *Id.* Here, the petitioner seeks to include trial materials, attached to his motion as group exhibit one, that were part of the state court proceedings but were omitted from the district court record. In support of his motion, the petitioner states he failed to submit the trial materials with his petition because he was proceeding pro se when he filed his petition. The petitioner, now represented by

counsel, argues that the trial materials are critical to one of the issues on appeal, that trial counsel's alleged errors amounted to ineffective assistance. The respondent indicated that he has no objection to supplementing the record with the trial materials. In light of this stipulation, pursuant to Fed. R. App. P. 10(e)(2)(A), the petitioner will be permitted to supplement the record on appeal with the trial materials attached to his motion as group exhibit one.

The petitioner also seeks to supplement the record with documents that were omitted from the state court record and that pertain to a key prosecution witness. The petitioner asserts that these documents, attached to his motion as group exhibit two, are relevant to the issue of alleged ineffective assistance for failing to impeach the prosecution witness. The documents include a criminal complaint against the prosecution witness and statements given by the prosecution witness to the police. The petitioner asserts that he should be permitted to supplement the record with those documents because they do not alter the legal claims of ineffective assistance already considered by the state court and the district court. *See Vasquez v. Hillery*, 474 U.S. 254, 260 (1986) (holding that a habeas petitioner may supplement the evidentiary record before the district court so long as the supplementary evidence "did not fundamentally alter the legal claim already considered by the state courts."). The petitioner argues that if his trial counsel had provided effective assistance, his counsel would have performed an adequate investigation and discovered these records, and, therefore, the records would have been made part of the trial record. *See Crisp v. Duckworth*, 743 F.2d 580, 583 (7th Cir. 1984) ("Effective representation

hinges on adequate investigation and pre-trial preparation."). These records, the petitioner asserts, will assist the Seventh Circuit in assessing the prejudicial nature of his trial counsel's alleged ineffective assistance.

The respondent opposes supplementing the record with the documents pertaining to the prosecution witness. The respondent contends that the petitioner's motion to supplement and correct the record seeks, in effect, the equivalent of an evidentiary hearing in federal court by attempting to place facts in the record which were not before the state courts. The respondent asserts that 28 U.S.C. § 2254(e)(2) restricts the petitioner's attempts to supplement the record on appeal. *See Boyko v. Parke*, 259 F.3d 781, 790 (7th Cir. 2001) (when a habeas petitioner asks "a federal court [to] evaluate the merits of factual matters never presented to the state courts . . . § 2254(e)(2) restricts a petitioner's attempts to supplement the factual record").

Section 2254(e)(2) provides:

If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—

(A) the claim relies on—

(I) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

The respondent asserts that § 2254(e)(2) trumps Fed. R. App. P. 10(e), and the petitioner has not satisfied any of the requirements under § 2254(e)(2). The respondent asserts that the petitioner's trial counsel failed to include the documents in the state court record, and because the petitioner or his counsel could have introduced the documents "through the exercise of due diligence," the petitioner has not demonstrated that he should now be permitted to introduce the additional evidence under § 2254(e)(2)(A).

In reply, the petitioner argues that he sufficiently presented the factual basis for his ineffective assistance claims in the state court record on appeal, and, as a result, § 2254(e)(2) does not apply to him. The petitioner states that the additional documents, including the criminal complaint against the prosecution witness, could have been used by the petitioner's trial counsel to impeach the prosecution witness; however, his trial counsel failed to impeach the prosecution witness with her conviction. The petitioner asserts that the criminal complaint adds support to his claim that he was prejudiced by his trial counsel's failure to impeach. The petitioner also asserts that the statements given by the prosecution witness to the police could have been used to support his argument that there was no foundation for the state to introduce, through that prosecution witness, a gun found in the petitioner's dorm

-4-

Case 2:06-cv-00640-JPS   Filed 03/20/08   Page 4 of 7   Document 32

room, because the statements corroborate evidence demonstrating that the prosecution witness was not aware of the gun.

The petitioner argues that the documents will assist the Seventh Circuit in assessing the prejudicial nature of his trial counsel's alleged ineffective assistance. However, the Seventh Circuit's task is to assess the state court's decision to determine whether it was "contrary to" or "an unreasonable application of" clearly established federal law as determined by the U.S. Supreme Court, or if the state court's determination of the facts was unreasonable "in light of the evidence presented in the State court proceeding." *See* 28 U.S.C. § 2254(d). "In this and related contexts [the Supreme Court has] made clear that whether a state court's decision was unreasonable must be assessed in light of the record the court had before it." *Holland v. Jackson*, 542 U.S. 649, 652 (2004). Here, the criminal complaint against the prosecution witness and the statements given by the prosecution witness to the police were available to the petitioner's trial counsel, but they were not made part of the state court record, and, therefore, the state court's decision did not rely on those documents. Because the documents were not before the state court, the documents would not assist the Seventh Circuit in determining whether the state court's decision was unreasonable. Indeed, "the purpose of Rule 10(e) is to ensure that the court on appeal has a complete record of the proceedings leading to the ruling appealed from, not to facilitate collateral attacks on the verdict." *Shasteen v. Saver*, 252 F.3d 929, 935 n.2 (7th Cir. 2001) quoting *United States v. Hillsberg*, 812 F.2d 328, 336 (7th Cir. 1987). In addition, the appellate stage is not

-5-

Case 2:06-cv-00640-JPS   Filed 03/20/08   Page 5 of 7   Document 32

room, because the statements corroborate evidence demonstrating that the prosecution witness was not aware of the gun.

The petitioner argues that the documents will assist the Seventh Circuit in assessing the prejudicial nature of his trial counsel's alleged ineffective assistance. However, the Seventh Circuit's task is to assess the state court's decision to determine whether it was "contrary to" or "an unreasonable application of" clearly established federal law as determined by the U.S. Supreme Court, or if the state court's determination of the facts was unreasonable "in light of the evidence presented in the State court proceeding." *See* 28 U.S.C. § 2254(d). "In this and related contexts [the Supreme Court has] made clear that whether a state court's decision was unreasonable must be assessed in light of the record the court had before it." *Holland v. Jackson*, 542 U.S. 649, 652 (2004). Here, the criminal complaint against the prosecution witness and the statements given by the prosecution witness to the police were available to the petitioner's trial counsel, but they were not made part of the state court record, and, therefore, the state court's decision did not rely on those documents. Because the documents were not before the state court, the documents would not assist the Seventh Circuit in determining whether the state court's decision was unreasonable. Indeed, "the purpose of Rule 10(e) is to ensure that the court on appeal has a complete record of the proceedings leading to the ruling appealed from, not to facilitate collateral attacks on the verdict." *Shasteen v. Saver*, 252 F.3d 929, 935 n.2 (7th Cir. 2001) quoting *United States v. Hillsberg*, 812 F.2d 328, 336 (7th Cir. 1987). In addition, the appellate stage is not

the place to introduce new evidentiary materials. *See Berwick Grain Co. v. Ill. Dep't of Agric.*, 116 F.3d 231, 234 (7th Cir. 1997) citing *Liao v. Tennessee Valley Authority*, 867 F.2d 1366, 1370 (11th Cir.1989) (Rule 10(e) "contemplates correction of a record to reflect what occurred below; it does not permit a new or different record to be created."). Furthermore, the petitioner does not assert that he satisfies any of the requirements under § 2254(e)(2) to permit an evidentiary hearing or to introduce new evidence. Therefore, the court will deny the petitioner's request to supplement the record with the documents attached to his motion as group exhibit two.

Finally, the petitioner also seeks to supplement the record with a Property File Report, attached to his motion as group exhibit three. The report was completed by a police officer in connection with the search warrant used in this case. The petitioner states that he first received the report on January 23, 2008, and that it was omitted by error from the state court record. The petitioner notes that the Return of the Search Warrant was part of the state court record, but the document was incomplete because it did not mention all the items found during the search. Although the parties may have intended to include the Property File Report as part of the Return of the Search Warrant, they did not, and, as a result, the report was not included in the state court record. Therefore, similar to the documents in group exhibit two, because the Property File Report was not before the state court, the report would not assist the Seventh Circuit in determining whether the decision of the state court's decision was unreasonable "in light of the evidence presented in the

State court proceeding." *See* 28 U.S.C. § 2254(d); *Holland*, 542 U.S. at 652. And the petitioner does not assert that he satisfies any of the requirements under § 2254(e)(2) permitting him to introduce the Property File Report. As such, the court will deny the petitioner's request to supplement the record with the documents attached to his motion as group exhibit three.

Accordingly,

**IT IS ORDERED** that the petitioner's motion to enlarge the record on appeal (Docket # 28) be and the same is hereby **GRANTED** in part, and **DENIED** in part; the record on appeal may be supplemented with the documents attached to the petitioner's motion as group exhibit one, but not with the documents attached to the motion as group exhibits two and three.

Dated at Milwaukee, Wisconsin, this 20th day of March, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

-7-
Case 2:06-cv-00640-JPS   Filed 03/20/08   Page 7 of 7   Document 32